IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | No. CR-13-267-C |
| | ) | CIV-17-1161-C |
| IVAN BENNETT WILLIS, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. In his Motion, Defendant raises a single claim of ineffective assistance of counsel. According to Defendant, during the plea negotiations the government offered him a plea agreement under which his counsel explained that Defendant would face 10 years in prison under the plea agreement and 15 years if convicted at trial. Defendant avers that he elected to gamble and go to trial. Defendant was convicted by the jury of Aggravated Sexual Abuse and subsequently sentenced to 151 months. Defendant notes that he has recently been informed that had he accepted the offered plea bargain and pleaded guilty to Abusive Sexual Contact his guideline range would have been 6-12 months. Defendant requests the Court to vacate his conviction and sentence and permit him to accept the previously offered plea agreement.

Defendant's Motion challenges the effectiveness of counsel during plea negotiations. The Supreme Court has set the standard by which such claims are measured:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance,

> defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

Missouri v. Frye, 566 U.S. 134, 147 (2012). Defendant argues his claim meets these requirements as his counsel did not properly advise him of the sentencing range that would apply if he had accepted the offered plea deal. The fallacy in Defendant's argument is his misunderstanding of the applicable facts under the offered plea agreement. Defendant argues that if he had accepted the plea agreement, there would have been no evidence of force. Therefore, Defendant argues, the plea agreement would have established a base offense level of 12. According to Defendant, under the plea deal he would have pleaded to a violation of 18 U.S.C. § 2244(a)(1) rather than 18 U.S.C. § 2241(a). While Defendant correctly identifies the statute applicable under the plea agreement, his analysis of the result is faulty.

Regardless of which statute is used, the forcible nature of Defendant's actions remains. Thus, even had he pleaded to Abusive Sexual Contact, the fact that he committed that act using force would remain. Thus, Defendant's actions would have involved conduct described in 18 U.S.C. § 2241(a). As a result, the U.S.S.G. § 2A3.4(c)(1) cross reference would apply and Defendant's base offense level would be 30 as set by U.S.S.G.

§ 2A3.1. The plea agreement did not change the minimum sentence Defendant would face. Rather, had he accepted the plea agreement, his sentence would have been capped at 10 years by the statutory maximum imposed by 18 U.S.C. § 2244(a)(1). Defendant cannot show there is "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Frye, 566 U.S. at 147. Accordingly, he cannot establish prejudice and his claim for ineffective assistance of counsel must fail.

Because a decision can be made on the basis of the record before the Court, no hearing is necessary on Defendant's arguments regarding ineffective assistance of counsel. See United States v. Mota, Nos. 11-40047-09-JAR, 13-4130-JAR, 2014 WL 2772924, *2 (10th Cir. June 19, 2014).

For the reasons set forth herein, Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. Nos. 164, 1) is denied. A separate judgment will issue.

IT IS SO ORDERED this 9th day of August, 2018.

ROBIN J. CAUTHRON
United States District Judge